IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21CV375-GCM-DCK

| UFG HOLDINGS, LLC, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| DEMAYO LAW OFFICES, LLP, | ) |
| Defendant. | ) |

This matter is before the Court upon the Memorandum and Recommendation of United States Magistrate Judge David C. Keesler, filed September 19, 2022. The parties were advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the memorandum and recommendation must be filed within 14 days after service of the memorandum. Defendant timely filed an objection.

The Court has conducted a *de novo* review of the memorandum and recommendation and the Defendant's objections thereto. Based upon this *de novo* review, the Court concludes that the recommendation to deny the Defendants' Motion to Dismiss is correct and in accordance with law. The magistrate's findings and analysis are thorough and well-reasoned and this Court will therefore adopt the findings and conclusions of the magistrate and affirm the memorandum and recommendation.

The Defendant has requested that should the Court adopt the memorandum and recommendation, that it certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Leave to file an interlocutory appeal should be granted when an appellant shows (1) the order involves a controlling question of law, (2) about which there is a substantial ground for a difference of

opinion, and (3) immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). "The core question in the certification process is whether an immediate reversal of an issue at the appellate level will save the parties unnecessary time and expense." *Riley v. Dow Corning Corp.*, 876 F. Supp. 728, 731 (M.D.N.C. 1992).

The Court finds that the issue that is the subject of the Motion to Dismiss – the applicability of ERISA § 502(a)(3) to attorneys of ERISA beneficiaries—is a controlling issue of law, and there is a substantial difference of opinion as to this issue among district courts in this circuit. Furthermore, should the Fourth Circuit reverse this Court's adoption of the memorandum and recommendation, the case against the Defendant would be terminated. Accordingly, the Court will certify this Order for interlocutory appeal.

IT IS THEREFORE ORDERED that the Defendant's Motion to Dismiss is hereby DENIED; and the Court hereby certifies this Order for interlocutory appeal.

Graham C. Mullen
United States District Judge